## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KANG KYU SEO<br>5426 Middlebourne Lane<br>Centreville, VA 20120<br><br>DANITA EVETTE CHASE<br>2643 Birney Place SE, #103<br>Washington, DC 20020<br><br>MICHELLE JOHNSON<br>310 35th Street SE<br>Washington, DC 20020<br><br>TAMORA AGNEW<br>1361 Stevens Road<br>Washington, DC 20020<br><br>    Plaintiffs,<br><br>v.<br><br>CHARLES MOON SUK OH<br>1432 Mayhurst Blvd.<br>McLean, VA 20101<br><br>    and<br><br>WADE ROAD, INC.<br>2600 Wade Road SE<br>Washington, DC 20020<br><br>    Defendants. | <br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>Civil Action No. _____<br><br>**<u>JURY TRIAL DEMANDED</u>** |

**COMPLAINT FOR UNPAID MINIMUM WAGES,
<u>OVERTIME WAGES AND TAX FRAUD</u>**

Charlie's Corner is a liquor store located adjacent to the Barry Farms neighborhood in S.E. Washington D.C.  It is owned and operated by Defendants Charles Moon Suk Oh and Wade Road Inc.  Plaintiffs Kang Kyu Seo, Danita Evette Chase, Michelle Johnson and Tamora Agnew bring this action to recover damages for the Defendants' willful failure to pay minimum wages and

overtime wages in violation of the Section 16(b) of the Federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* (hereinafter "FLSA") and in violation of the District of Columbia Wage Payment and Collection Law ("DCWPCL"), D.C. Code § 32-1301 *et seq.* In an effort to conceal the overtime and wage violations, the Defendants would also pay plaintiffs Danita Evette Chase, Michelle Johnson and Tamora Agnew in unreported cash and store credit rather than a paycheck. As a result of this scheme, Plaintiffs Danita Evette Chase, Michelle Johnson and Tamora Agnew separately sue Defendant Wade Road Inc. for fraudulently filing tax advisements pursuant to 26 U.S.C. § 7434.

## **FACTS**

1. Defendant Charles Moon Suk Oh is a resident of the District of Columbia.

2. Defendant Wade Road Inc. is a corporation organized under the laws of the District of Columbia.

3. Defendants own and operate Charlie's Corner, a convenience store in Washington DC located at 2600 Wade Road SE, adjacent to the Barry Farms neighborhood.

4. Plaintiffs all worked at Charlie's Corner at various times in non-exempt positions.

5. Plaintiffs Kang Kyu Seo, Danita Evette Chase, Michelle Johnson and Tamora Agnew each worked at Charlie's Corner, often working over forty (40) hours per week. Defendants did not pay these Plaintiffs overtime premiums for the hours they worked in excess of forty (40). Nor did the Defendants pay the Plaintiffs for all the hours they worked.

6. Plaintiffs bring this action to recover damages for the Defendants' willful failure to pay minimum and overtime wages in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 and for Defendant's willful failure to pay minimum, regular, and overtime wage in violation of the District of Columbia Wage Payment and Collection Law ("DCWPCL"), D.C.

Code § 32-1301.  Plaintiffs Danita Evette Chase, Michelle Johnson and Tamora Agnew separately sue Defendant Wade Road Inc. for fraudulently filing tax advisements pursuant to 26 U.S.C. § 7434.

## JURISDICTION AND VENUE

7. Jurisdiction is proper pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

8. Venue is proper pursuant to 28 U.S.C. § 1391(b) because the Defendant Wade Road Inc. is a corporation organized under the laws of the District of Columbia and because the acts giving rise to Plaintiffs' claims occurred in this district.

## PARTIES

9. Danita Evette Chase, Michelle Johnson, and Tamora Agnew are adult residents of the District of Columbia. Kang Kyu Seo is an adult resident of the Commonwealth of Virginia.

10. Wade Road, Inc. is a District of Columbia corporation. It does business as Charlie's Corner. Its principal place of business is 2600 Wade Road SE, Washington DC, 20020. Its registered agent is Ace Corporate Services, Inc., 2406 Chain Bridge Road NW, Washington, DC 20016.

11. Charles Moon Suk Oh is an adult resident of the Commonwealth of Virginia. He resides at 1432 Mayhurst Blvd., McLean, VA 22102. He owns Wade Road, Inc. and exercises authority over its operations, including its pay practices and employee schedules.

## FACTUAL ALLEGATIONS

12. Defendants own and operate Charlie's Corner, a convenience store located at 2600 Wade Road SE, Washington DC, 20020.

**Factual Allegations Specific to Plaintiff Kang Kyu Seo**

13. Plaintiff Kang Kyu Seo ("Mr. Kyu Seo") worked at Charlie's Corner from February 16, 2017 until September 1, 2017, or approximately twenty-six (26) weeks.

14. At all relevant times, Mr. Kyu Seo worked a cashier.

15. At all relevant times, Mr. Kyu Seo performed duties such as cash register operation and stocking products. He did not have the ability to hire or fire other employees, nor was his role managerial.

16. At all relevant times, Mr. Kyu Seo typically worked six (6) or seven (7) days per week.

17. At all relevant times, on the days he worked, Mr. Kyu Seo typically worked starting around 9:00-10:00 a.m. and ending anywhere from 9:00-11:00 p.m. This amounted to Mr. Kyu Seo working approximately seventy-two (72) hours per week.

18. At all relevant times, Mr. Kyu Seo was paid monthly between $4000 and $6000. Based on these payments, Mr. Kyu Seo was making an average hourly rate of approximately $17.25 an hour.

19. At all relevant times, Mr. Kyu Seo was not paid a premium for his overtime hours.

20. For the relevant time period, Defendants did not pay Mr. Kyu Seo an overtime premium for approximately 896 overtime hours.

21. In March of 2018 Defendants became aware of Plaintiffs intention to sue for unpaid wages and associated penalties. On March 25, 2018, Mr. Oh wrote to Mr. Seo and told him he would file a lawsuit against the plaintiffs for "excessive wages" and fraud if the Plaintiffs proceeded with their intention to file a lawsuit to collect their wages.22. At all relevant times, Defendant Charles Moon Suk Oh chose and assigned Mr. Kyu Seo's hours.

23. Defendants owe Mr. Kyu Seo at least $7,728 in unpaid overtime wages and likely more.

### Factual Allegations Specific to Plaintiff Danita Evette Chase

24. Danita Evette Chase ("Ms. Chase") worked at Charlie's Corner from May 2016 through February 2017, for approximately forty-one (41) weeks.

25. At all relevant times, Ms. Chase was a cashier.

26. Throughout her employment, Ms. Chase typically worked six (6) or seven (7) days per week.

27. Ms. Chase typically worked 9:00 a.m. to 5:00 p.m. on Mondays, Tuesdays, Thursdays, Fridays, and Saturdays. On Wednesdays and Sundays, Ms. Chase typically worked 9:00 a.m. to 9:00 p.m., amounting to approximately sixty-four (64) hours of work per week.

28. At all relevant times, Ms. Chase was only paid for twenty (20) hours per week at a rate of $11.00 per hour. Sometimes Mr. Oh would write a check and then cash it in front of her and give her the cash. At all times herein, the effective minimum wage was $12.50 an hour. This means she is owed 820 hours of unpaid minimum wages at the rate of $1.50, or $1,250 for those hours she was actually paid a paycheck.

29. Defendants did not pay Ms. Chase with a paycheck for her time over twenty (20) hours a week that she worked, approximately forty-four (44) hours per week, over the course of her employment, approximately forty-one (41) weeks. This amounts to 410 hours of unpaid minimum wages at the rate of $12.50 an hour, or $5,125; and 1,804 hours at the overtime rate of $18.75, or $33,825.

30. Occasionally she was sporadically paid in cash for these hours worked in excess of twenty (20) per week, or she was paid in store credit through food, sundries, cigarettes and alcohol. The exact amounts of these payments are unknown.

31. At all relevant times, Defendant Charles Moon Suk Oh chose and assigned Ms. Chase's hours.

### Factual Allegations Specific to Plaintiff Michelle Johnson

32. Michelle Johnson ("Ms. Johnson") worked full time at Charlie's Corner from January 2017 through February 2018. She worked part-time for Defendants in January and February 2018 and worked a total of about 50 weeks for the Defendants.

33. At all relevant times, Ms. Johnson was a cashier.

34. For approximately twenty-four (24) weeks, from January 2017 through mid-June 2017, she worked from 8:00 a.m. to 5:00 p.m., six (6) days a week, for a total of fifty-four (54) hours a week (1,296 hours).  For (6) six weeks beginning in mid-June of 2017, she worked six (6) days a week from 7:00 a.m. to 9:00 p.m. for a total of eighty-four (84) hours a week (504 hours). After July 2017, for a period of about twenty (20) weeks, she recalls working between forty (40) and seventy (70) hours per week with a variable schedule for an average she believes to be about 54 hours a week (1,080 hours). In January and February 2018 she worked part-time, for a total of about one hundred (100) hours.

35. At all relevant times, Ms. Johnson was only paid for thirty (30) hours per week at a rate of $11.00 per hour.  At all times herein, the effective minimum wage was $12.50 an hour. This means she is owed 1,500 hours of unpaid minimum wages at the rate of $1.50, or $2,250 for those hours she was actually paid a paycheck.

36. Defendants did not pay Ms. Johnson with a paycheck for her time over thirty (30) hours a week that she worked. This means she did not receive a paycheck for approximately 1056 hours of work from January 2017 through mid-June 2017 and August 2017 through December 2017, and 264 hours for the period of mid-June through July 2017 when she worked eighty-four (84) hours per week for six (6) weeks instead of the typical fifty-four (54) hours per week for the other forty-four (44) weeks of full time work. This amounts to 500 hours of unpaid minimum wages at the rate of $12.50 an hour, or $6,250; and 880 hours at the overtime rate of $18.75, or $16,500.

37. Occasionally she was sporadically paid in cash for hours worked in excess of thirty (30) per week, or she was paid in store credit through food, sundries, cigarettes and alcohol. The exact amounts of these payments are unknown.

38. In March of 2018, Defendants received notice of Ms. Johnson's intention to sue the Defendants for unpaid wages and overtime. At that time she was still owed wages for February 2018. On Friday March 16, 2018 Mr. Oh told Ms. Johnson to come to the store and pick up her pay. He only paid half of what she was owed for her part-time work in February. He told Ms. Johnson he would not pay her the approximately $500 he owed to her unless she signed a letter stating that she was not owed any money from him. See Exhibit A.

39. At all relevant times, Defendant Charles Moon Suk Oh chose and assigned Ms. Johnson's hours.

### Factual Allegations Specific to Plaintiff Tamora Agnew

40. Tamora Agnew ("Ms. Agnew") worked at Charlie's Corner from February 2017 through August 2017, approximately twenty-eight (28) weeks.

41. At all relevant times, Ms. Agnew was a cashier.

42.     Throughout her employment, Ms. Agnew worked six (6) days per week. On most of these days she would work from 8:00 a.m. to 5:00 p.m. for an average of approximately fifty-four (54) hours per week.

43.     At all relevant times, Ms. Agnew was only paid for thirty (30) hours per week at a rate of $11.00 per hour.  At all times herein, the effective minimum wage was $12.50 an hour. This means she is owed 840 hours of unpaid minimum wages at the rate of $1.50, or $1,260 for those hours she was actually paid a paycheck.

44.     Defendants did not pay Ms. Johnson with a paycheck for her time over thirty (30) hours a week she worked, approximately twenty-four (24) hours per week, over the course of her employment, approximately twenty-eight (28) weeks. This amounts to 280 hours of unpaid minimum wages at the rate of $12.50 an hour, or $3,500; and 392 hours at the overtime rate of $18.75, or $7,350.

45.     Occasionally she was sporadically paid in cash for hours worked in excess of thirty (30) per week, or she was paid in store credit through food, sundries, cigarettes and alcohol.  The exact amounts of these payments are unknown.

46.     At all relevant times, Defendant Charles Moon Suk Oh chose and assigned Ms. Agnew's hours.

## **GENERAL FACTUAL ALLEGATIONS**

47.     At all relevant times, federal and District of Columbia law required Defendants to pay Plaintiffs one and one-half times each Plaintiff's hourly rate for all hours worked over forty (40) in any one work week.

48.     At all relevant times, the federal minimum wage was $7.25 per hour.

49. The District of Columbia minimum wage was $10.50 per hour from July 1, 2015 to June 30, 2016, $11.50 per hour from July 1, 2016 to June 30, 2017, and $12.50 as of July 1, 2017.

50. At all relevant times, Defendants had the power to fire Plaintiffs.

51. At all relevant times, Defendants had the power to set Plaintiffs' rate of pay.

52. At all relevant times, Defendants did not maintain true and accurate records of each hour, day, and week worked by Plaintiffs or of how much Plaintiffs were paid for their work, as required by 29 C.F.R. § 516 and D.C. Code § 32-1008. Accordingly, the exact number of hours worked by and wages owed to Plaintiffs will only be known through discovery.

53. Defendants intentionally did not provide Plaintiffs with statements that itemized the actual number of hours worked and the amounts paid per hour, as required by D.C. Code § 32-1008(b).

54. Defendants intentionally did not post the notice of District of Columbia wage laws required by D.C. Code § 32-1009.

55. Defendants did not provide Plaintiffs with actual or constructive notice of Plaintiffs' employee rights within the meaning of D.C. Code § 32-1308(c)(2)(b).

56. At all relevant times, Defendants were aware that they were legally required to pay Plaintiffs the minimum wage required by the District of Columbia.

57. At all relevant times, Defendants were aware that they were legally required to pay the Plaintiffs time and a half for all hours the Plaintiffs worked in excess of forty (40) in any one work week.

58. At all relevant times, Defendants were aware that they were legally required to pay the Plaintiffs all wages they were legally due in a timely manner.

## COUNT I:
## FAILURE TO PAY OVERTIME WAGES UNDER THE FLSA

59. Plaintiffs re-allege the allegations of the foregoing paragraphs as if fully set forth herein.

60. At all times relevant, the Defendants were the Plaintiffs' "employer" for purposes of the FLSA.

61. At all times relevant, each Plaintiff worked as cashier at Charlie's Corner.

62. At all times relevant, Defendants generated gross revenues exceeding Five Hundred Thousand Dollars ($500,000.00) and qualified as an "enterprise" within the meaning of § 3(r) of the FLSA (29 U.S.C. § 203(r)).

63. At all times relevant, Plaintiffs were individual employees who engaged in interstate commerce as set forth under 29 U.S.C. §§ 206-207.

64. This Court has jurisdiction over Defendants pursuant to § 16(b) of the FLSA, 29 U.S.C. §216(b), and 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any Act of Congress regulating commerce." Subject matter jurisdiction is invoked under 28 U.S.C. § 1331. Venue is proper pursuant to 28 U.S.C. § 1391.

65. The FLSA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of forty (40) hours in any one workweek. 29 U.S.C. § 207(a)(1).

66. Defendants violated the FLSA by knowingly failing to pay Plaintiffs at least one and one-half times Plaintiffs' regular rate for hours worked in excess of forty (40) hours in any one workweek.

67. Defendants' FLSA violations were willful.

68. For their FLSA violations, Defendants are liable to Plaintiffs for unpaid minimum and overtime wages, an equal amount as liquidated damages, court costs, reasonable attorneys' fees and expenses, interest, and any other relief deemed appropriate by the Court.

## COUNT II:
## FAILURE TO PAY OVERTIME WAGES UNDER THE DCWPCL

69. Plaintiffs re-allege the allegations of the foregoing paragraphs as if fully set forth herein.

70. Each Defendant was an "employer" within the meaning of the DCWPCL, D.C. Code § 32-1301(1).

71. The DCWPCL requires employers to pay an employee who quits or resigns all wages due upon the next regular payday, or within seven (7) days from the date of quitting or resigning, whichever is earlier. D.C. Code § 32-1303(2).

72. For purposes of the DCWPCL, "wages" include, among other things, minimum, regular, and overtime wages. D.C Code § 32-1301(3).

73. Defendants violated the DCWPCL by knowingly failing to pay Plaintiffs all wages earned, including minimum, regular, and overtime wages, upon their next regular payday, or within seven (7) days from the date Defendants' employment of Plaintiffs concluded.

74. Defendants' DCWPCL violations were willful.

75. For their DCWPCL violations, Defendants are liable to Plaintiffs for unpaid wages, an amount equal to three times the amount of unpaid wages as liquidated damages, court costs, reasonable attorneys' fees and expenses, interest, and any other relief deemed appropriate by the Court.

## COUNT III:
## VIOLATION OF 26 U.S.C. § 7434

76. Plaintiffs re-allege the allegations of the foregoing paragraphs as if fully set forth herein.

77. Plaintiffs Chase, Johnson and Agnew each received a federal tax advisement which intentionally misrepresented the hours worked for the calendar year 2017.

78. Over the course of his employment, Defendant Wade Road Inc. paid Plaintiffs Chase, Johnson and Agnew a pay check with what appeared to be basic W-4 tax withholdings such has federal deductions, state deductions and Medicare taxes but which intentionally underreported the number of hours and compensation paid to Plaintiffs Chase, Johnson and Agnew.

79. Defendant Wade Road Inc. issued intentionally erroneous tax information to Plaintiffs Chase, Johnson and Agnew and the Internal Revenue Service.

80. Defendant Wade Road Inc. should have issued Plaintiffs Chase, Johnson and Agnew each an IRS form W-2 with the correct wages identified and withholdings withheld but deliberately did not. Instead, in order to conceal the amount of hours Plaintiffs Chase, Johnson and Agnew worked and their actual wages, Defendant Wade Road Inc. falsely reported payments to tax authorities on Plaintiffs Chase, Johnson and Agnew's behalf.

81. At all times, Defendant Wade Road Inc. had actual knowledge that Plaintiffs Chase, Johnson and Agnew were each an employee and intentionally filed false tax information for each. Defendant Wade Road Inc. did this willfully to avoid having to pay withholdings, to avoid paying the employer share of FICA and related employer tax withholdings, to enrich itself at the expense of Plaintiffs Chase, Johnson and Agnew's earned wages, to shift the obligation to pay taxes to these Plaintiffs, and to reduce overhead and gain unfair competitive advantage against others engaged who properly classified their employees and paid their taxes on time and in accordance with the law.

82. 26 U.S.C. § 7434(a) provides a cause of action against a "person [who] willfully files a fraudulent information return with respect to payments purported to be made to any other person," and § 7434(b) permits damages for the greater of $5,000 or actual damages. For example, because of Defendant Wade Road Inc.'s intentional under reporting, Plaintiff Agnew was declared ineligible for unemployment benefits which is an amount in excess of $5,000.

83. At all times relevant, Defendant Wade Road Inc. had actual knowledge that the Plaintiffs Chase, Johnson and Agnew was each an employee entitled to a correct and accurate W-2 tax form with the correct withholding procured from the employee's IRS form W-4.

84. Defendant Wade Road Inc. acted willfully and fraudulently to misclassify and fail to report the Plaintiffs Chase, Johnson and Agnew's true earnings.

## PRAYER FOR RELIEF

WHEREFORE, each Plaintiff respectfully requests that this Court enter judgment against the Defendants jointly and severally and grant the following relief:

a. Award Plaintiffs all unpaid wages earned, plus three times the amount of unpaid wages earned as liquidated damages, pursuant to the DCWPCL, D.C. Code §§ 32-1303(4) and 32-1308;

b. Award each Plaintiff pre-judgment and post-judgment interest as permitted by law;

c. Award each Plaintiff reasonable attorneys' fees and expenses incurred in the prosecution of this action;

d. Award each Plaintiff court costs; and

e. Award any additional relief the Court deems just

## JURY TRIAL DEMAND

Plaintiffs hereby demand a trial by jury with respect to each claim in this Complaint.

Date: April 5, 2018.

                                                  Respectfully Submitted,
                                                  Plaintiffs
                                                  By Counsel

/s/_____
Matthew T. Sutter, DC Bar No. 477910
Sutter & Terpak, PLLC
7540A Little River Turnpike
Annandale, VA 22003
Telephone: 703-256-1800
Facsimile: 703-991-1661
Email: matt@sutterandterpak.com
Counsel for Plaintiffs

and

Yeoup Ryu, DC Bar No. 1015839
Equitus Law Group, PLLC
1604 Spring Hill Road, Suite 105
Vienna, VA 22182
Telephone: (703) 546-8538
Facsimile: (703) 890-1616
Email: yryu@equituslegal.com
Co-Counsel for Plaintiff Kang Kyu Seo