UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KANG KYU SEO, *et al.*,

    *Plaintiffs*,

v.

CHARLES MOON SUK OH, *et al.*,

    *Defendants.*

No. 18-785 (RDM)

## MEMORANDUM OPINION AND ORDER

Courts must, at times, balance the judicial interest in requiring timely compliance with discovery schedules and the judicial interest in deciding cases on the merits. This is such a case.

Plaintiffs are four former employees of Charlie's Corner, a liquor store located in Washington, D.C. Dkt. 1 at 1–2 (Compl.). They allege that the store is owned by Defendants Charles Moon Suk Oh and Wade Road Inc. and that Defendants willfully failed to pay them minimum wages and overtime wages in violation of the Federal Fair Labor Standards Act of 1938, *as amended*, 29 U.S.C. § 201 *et seq*. ("FLSA"), and the District of Columbia Wage Payment and Collection Law ("DCWPCL"), D.C. Code § 32-1301 *et seq*. *Id.* at 1–2 (Compl.). On September 10, 2018, Plaintiffs' counsel served requests for admission, interrogatories, and document requests on Defendants. *See* Dkt. 12 at 2 (Pls.' Mot. Summ. J.). By the time discovery closed on December 28, 2018, however, Defendants had not responded to any of these requests. Dkt. 12-1 (Pls.' Discovery Request). So, five days later, Plaintiffs moved for summary judgment, relying principally on Federal Rule of Civil Procedure 36(a)(3), which deemed each of their requests for admission "admitted" because Defendants failed to timely answer or object. Dkt. 12 (Pls.' Mot. for Summ. J.). In response, Defendants have sought leave under Federal

Rule of Civil Procedure 36(b) to withdraw or amend their (non)responses, Dkt. 14, and, on the assumption that Court will grant that relief, have opposed Plaintiffs' motion for summary judgment, Dkt. 13.

For the reasons discussed below, the Court will grant Defendants' motion for leave to withdraw or amend their (non)responses; will direct that Defendants fully respond to all outstanding discovery requests within 21 days of this order; will award Plaintiffs reasonable attorneys' fees for the cost of preparing their motion for summary judgment; and will deny Plaintiffs' motion for summary judgment without prejudice.

## I. BACKGROUND

**A.     The Pleadings**

On April 5, 2018, Plaintiffs filed this FLSA and DCWPCL action against Defendants, Charles Moon Suk Oh ("Oh") and Wade Road, Inc ("WRI"), a corporation organized under District of Columbia law.[1]  Dkt. 1 (Compl. 1–2).  Oh is the owner of WRI; WRI, in turn, owns and operates Charlie's Corner, a liquor store located in Washington, D.C.  Dkt. 5 at 1–2 (Answer ¶¶ 3, 11).  Plaintiffs Keong Kyu Seo, Danita Evette Chase, Michelle Johnson, and Tamora Agnew are all former employees of Charlie's Corner.  Dkt. 1 at (Compl. ¶ 5).  They allege that Seo worked as a a cashier, although Defendants dispute this fact and allege that Seo was actually the store manager; Plaintiffs and Defendants, however, agree that Seo was paid a monthly salary.  *See* Dkt. 1 at 4 (Compl. ¶¶ 4, 18); Dkt. 5 at 8 (Answer ¶¶ 90, 92).  Plaintiffs also allege that Chase, Johnson, and Agnew were each employed at Charlie's Corner as cashiers earning $11 an

---

[1] Plaintiffs also brought a claim under 26 U.S.C. § 7434 but have moved to dismiss that count without prejudice pursuant to Federal Rule of Civil Procedure 41.  *See* Dkt. 12 at 1 (Pls.' Mot. for Summ. J.)  That motion is unopposed, and the Court will, accordingly, dismiss Count III of the complaint, Dkt. 1 at 11–13, without prejudice.

hour; that Charlie's Corner paid them for only about 20 or 30 hours each week, even though they worked longer hours; and that they were compensated for hours in excess of 20 or 30 hours a week only "occasionally." *See* Dkt. 1 at 5–8 (Compl. ¶¶ 28–46). They further allege that to the extent they were paid for those additional hours, the compensation came in the form of cash or store credits. *See id.* at 5–8 (Compl. ¶¶ 28–46).

In their answer, Defendants allege that each Plaintiff was "paid at least the minimum wage and any overtime wages." Dkt. 5 at 8 (Answer ¶ 89). They also allege that Oh is not a party to the employment contracts at issue and that, even if Plaintiffs are owed additional compensation under the FLSA, Defendants "acted in good faith." *Id.* at 10 (Answer ¶¶ 107, 110). Defendants also assert counterclaims for breach of contract, breach of fiduciary duty, fraud, and unjust enrichment against Seo. Dkt. 5 at 10–13 (Answer ¶¶ 111–37). According to Defendants' counterclaims, Seo served as the manager of Charlie's Corner; in that position, he was required to keep timesheets for all the store's employees, including for Agnew, Chase, and Johnson; and that he was entrusted to take his and the employees' salaries from the store's gross receipts. *Id.* at 8–9 (Answer ¶¶ 90, 102). The counterclaim further alleges that Seo embezzled approximately $12,000 from the store. *Id.* at 9 (Answer ¶¶ 98–99).

**B.    Subsequent Procedural History**

After Defendants answered the complaint, the Court entered an initial scheduling order requiring, among other things, that the parties serve their initial disclosures on or before August 14, 2018 and ordered that "[f]act discovery shall close on December 28, 2018." *See* Dkt. 10. Although only required to *serve* their initial disclosures on opposing counsel, Defendants *filed* them with the Court on August 15, 2018. Dkt. 11 (Defs.' Initial Disclosure). On September 10, 2018, Plaintiffs served a fourteen-page discovery request on Defendants, which included

3

requests for admission, interrogatories, and requests for documents. *See* Dkt. 12 at 2 (Pls.' Mot. Summ. J.); Dkt. 14 at 2 (Defs.' Rule 36 Mot.); Dkt. 14-1 (Copy of Pls.' Discovery Request). Of particular relevance to the pending motions, the requests for admission ("RFA") asked Defendants to admit or deny eighteen assertions, including the following:

> 2. Each defendant at all times relevant here was an "employer" as that term is defined by 29 U.S.C. §203(d).
>
> 4. Each defendant improperly failed to compensate each plaintiff for all time he or she was at work discharging his or her work-related duties.
>
> 5. Each defendant failed to properly administer a plan under which each plaintiff was to be compensated for excess hours worked, in the form of comp time or overtime payments, for hours worked in excess of the statutory maximum.
>
> 6. Each defendant failed to compensate each plaintiff for the hours actually worked during each pay period.
>
> 7. Each defendant knew, or showed reckless disregard in not knowing, that each plaintiff was entitled to be paid for all hours he/she was at work discharging his/her work-related duties and was to receive minimum wages or overtime pay or comp time for hours worked in excess of the statutory maximum, and that each defendant's failure to pay for all work at the appropriate rate violated the [FLSA].

Dkt. 12-1 at 4–5 (Pls.' Mot. for Summ. J.) (Pls.' Ex. A).

Defendants did not respond to any of Plaintiffs' discovery requests, and fact discovery closed on December 28, 2018. Five days later, Plaintiffs moved for summary judgment, relying almost entirely on the unanswered requests for admission, which they asserted were deemed admitted, to establish the relevant elements of their claims. *See* Dkt. 12 at 2–3 (Pls.' SUMF ¶¶ 1–18). The only other evidence Plaintiffs relied upon are declarations by each individual Plaintiff, which they offer primarily (although not exclusively) as evidence of their alleged damages. *See id.* at 4–7 (Pls.' SUMF ¶¶ 19–22). Nine days after Plaintiffs moved for summary

judgment, Defendants moved to withdraw or amend their (non)responses to Plaintiffs' requests for admission. Dkt. 14 (Defs.' Rule 36 Mot.).

## II. ANALYSIS

Because Plaintiffs' motion for summary judgment is premised principally on their RFAs, which are, as explained below, deemed admitted in light of Defendants' failure to respond, the Court will start with Defendants' motion for leave to amend their (non)responses before turning to Plaintiffs' motion for summary judgment.

**A.     Defendants' Rule 36 Motion**

Federal Rule of Civil Procedure 36(a)(1) permits a party to "serve upon any other party a written request to admit . . . the truth of any matters within the scope" of discovery. The opposing party then has 30 days to admit, deny, or "state in detail why [it] cannot fully admit or deny," or to object to each RFA. Fed. R. Civ. P. 36(a)(3)–(5). Rule 36 "seeks to serve two important goals: truth-seeking in litigation and efficiency in dispensing justice." *Conlon v. United States*, 474 F.3d 616, 622 (9th Cir. 2007) (citing Advisory Committee Note to Fed. R. Civ. P. 36(b)). To promote those ends, Rule 36 sets out two important mechanisms. First, once a party secures an admission it is given binding effect, thus relieving the party of the burden of producing evidence to prove or disprove the matter admitted. *See* Fed. R. Civ. P. 36(b); *see also Baker v. Potter*, 212 F.R.D. 8, 11 (D.D.C. 2002) ("Rule 36 ensures that the party securing the admissions may rely on their binding effect."). Second, requests for admission are automatically deemed admitted unless the party served with the requests objects within 30 days of service or within a period specified by the court or by mutual agreement of the parties. Fed. R. Civ. P. 36(a)(3). Together, these mechanisms help secure the "just, speedy, and inexpensive

determination," Fed. R. Civ. P. 1, of cases by defining and limiting "the matters in controversy between the parties." *Baker*, 212 F.R.D. at 11.

"Despite these strictures, however, the rule provides for a safety valve to ensure that the action is 'resolved on the merits while assuring each party that justified reliance on an admission . . . will not operate to [its] prejudice.'" *Id.* Specifically, Rule 36 allows courts, "on motion, [to] permit[] [an] admission to be withdrawn or amended." Fed. R. Civ. P. 36(b). A two-part test guides whether a court should allow a party to amend or withdraw its admissions. "First, the moving party must demonstrate that amendment or withdrawal . . . will []serve the 'presentation of the merits of the action.'" *Rude v. Adeboyeku*, No. 05-1274, 2007 WL 9770929, at *1 (D.D.C. Aug. 31, 2007) (quoting Fed. R. Civ. P. 36(b)). "Second, if the moving party satisfies this burden, the burden shifts to the opposing party to show 'that withdrawal or amendment will prejudice that party in maintaining the action.'" *Id.*; *see also Bake*r, 212 F.R.D. at 12 (same). "[I]f the court is not persuaded that [withdrawal or amendment] would prejudice" the opposing party, it "may permit the withdrawal or amendment." Fed. R. Civ. P. 36(b). For the reasons explained below, the Court concludes that Defendants satisfy the first prong and that Plaintiffs have not carried their burden to show that Defendants' withdraw would prejudice them in a manner cognizable by the Rule.

    1.    *Adjudication on the Merits*

The Court must first decide whether permitting Defendants to withdraw or to amend their admissions "would promote the presentation of the merits of the action. . . ." Fed. R. Civ. P. 36(b). Given the nature of the requests at issue, that requirement is easily satisfied. Although Rule 36 permits a party to serve RFAs "relating to . . . the application of law to fact[s]," Fed. R. Civ. P. 36(a)(1)(A), the rule does not contemplate requests that merely "demand that the

6

opposing party ratify legal conclusions that the requesting party has simply attached to operative facts," *Disability Rights Council of Greater Wash. v. Wash. Metro. Area Transit Auth.*, 234 F.R.D. 1, 3 (D.D.C. 2006). Rule 36 is intended to narrow the issues in dispute; it is "not to be used . . . in the hope that a party's adversary will simply concede essential elements" of a claim. *Conlon*, 474 F.3d at 622.

Plaintiffs' requests here improperly asked Defendants to "admit the truth of . . . legal conclusion[s]." *Disability Rights Council*, 234 F.R.D. at 3. Defendants, of course, had a right to object to these requests, *see* Fed. R. Civ. P. 36(a)(5), and they forfeited that right by failing to respond. But the nature of the requests—and, in particular, the fact that they asked that Defendants admit or deny the ultimate, factual and legal conclusions in the case—is relevant to the question of whether permitting Defendants to withdraw their admissions "would promote the presentation of the merits of the action." Fed. R. Civ. P. 36(b); *see also Green v. Blazer Diamond Prods.*, No. 92-1385, 1994 WL 715632, at *24 (D.D.C. 1994) (finding the first prong satisfied where the admission deprived the defendant of "its prime defense"). Here, because Plaintiffs demanded admissions as to each essential element of their claims, deeming them admitted would preclude any presentation on the merits.

Any doubt as to this first prong is put to rest by Plaintiffs' motion for summary judgment. In that motion, Plaintiffs relied on the RFAs to establish eighteen of the twenty-two facts set forth in their Statement of Undisputed Facts. Dkt. 12 at 2–8 (Pls.' SUMF ¶¶ 1–22). Plaintiffs cite to the RFAs to establish every element of their claims, and they rely on the RFAs to support the core premises of their motion for summary judgment—that Defendants "paid Plaintiffs at an hourly rate for all hours they worked, including hours worked in excess of forty (40) each week, and that Plaintiffs were not paid for their overtime hours at the rate of one-and-one half (1.5x)

7

their 'regular rate.'" Dkt. 12 at 10 (citing Pls.' SUMF ¶¶ 1–18).  The RFAs, moreover, if deemed admitted, establish that each Plaintiff was an "employee," that each Defendant was an "employer," and that Defendants' failure to pay the required wages constituted "a willful and knowing violation of the FLSA." Dkt. 12 at 3 (Pls.' SUMF ¶ 14); *see also id*. at 2 (Pls.' SUMF ¶ 7).  It may be that Plaintiffs could have demonstrated their right to recover, at least in part, without relying on the RFAs.  But that is not the approach they took and, as the motion for summary judgment is framed, allowing the admissions to stand would conclusively establish Defendants' liability and willful failure to abide by the FLSA and the DCWPCL.

The prospect that, if they were not permitted to withdraw or amend their admissions, Defendants would be denied an opportunity to defend the case on the merits is particularly problematic because—although late and unverified—Defendants have now provided Plaintiffs with answers to Plaintiffs' interrogatories that raise material defenses.  They assert, for example, that Seo was a salaried, managerial employee at the store; that Chase and Agnew "did not work overtime;" and that Johnson entered into an agreement with WRI pursuant to which she "was compensated for any overtime that was not paid." Dkt. 15-4 at 2 (Defs.' Resp. to Request for Interrogatories at 1).  They further assert that Chase worked at the store only "from February 10, 2017 to February 29, 2017" and thus "could not have worked the hours she claimed in the complaint," and that "Agnew quit due to sickness and worked [the] morning shift from 9:00 am to 1:00 pm and," thus "could not have worked the hours claimed in the complaint." *Id.* at 4 (Defs.' Resp. to Request for Interrogatories at 3).  To be sure, this is not the occasion to decide which version of the relevant facts is correct—or even whether Defendants' interrogatory responses are procedurally proper.  The Court merely recognizes that Defendants, if given the opportunity to answer the RFAs, would not admit many of the essential elements of Plaintiffs'

8

claims.

 2. *Prejudice to the Plaintiffs*

The second prong of the Rule 36(b) inquiry is also satisfied. As explained above, Plaintiffs bear the burden of showing that the amendment or withdrawal would "prejudice them in maintaining . . . the action on the merits." Fed. R. Civ. P. 36(b); *see also Rabil v. Swafford*, 128 F.R.D. 1, 2 (D.D.C. 1989) (noting that a party seeking to rely on the admissions bears the burden of showing prejudice). "The prejudice contemplated by the Rule is not simply that the party who initially obtained the admission will now have to convince the fact finder of its truth." *Perez v. Miami-Dade Cnty.*, 297 F.3d 1255, 1266 (11th Cir. 2002) (quoting *Smith v. First Natl Bank*, 837 F.2d 1575, 1578 (11th Cir. 1988)). Rather, the prejudice requirement turns on "whether the opposing party is any less able to obtain the evidence required to prove the matters which had been admitted." *Rabil*, 128 F.R.D. at 2. A party may be prejudiced, for example, where the admissions "caused . . . the unavailability of key witnesses," *Smith*, 837 F.2d at 1578, influenced a party's decision about whose depositions to take, *see Freeman v. City of Detroit*, 274 F.R.D. 610, 613 (E.D. Mich. 2011), or where the party moves to withdraw admissions on the eve of trial, *see Conlon*, 474 F.3d at 624 (upholding the denial of withdrawal where the motion was made eight days before trial). No such circumstances are present here.

The only harm Plaintiffs identify is the time and cost associated with their preparation of a motion for summary judgment, which was premised on the RFAs. The mere filing of a motion for summary judgment, however, "does not establish the requisite level of prejudice." *Davis v. Noufal*, 142 F.R.D. 258, 259 (D.D.C. 1992); *see also Conlon*, 474 F.3d at 624 ("We agree with the other courts that have addressed the issue and conclude that reliance on a deemed admission in preparing a summary judgment motion does not constitute prejudice."); *In re Durability Inc.*,

9

212 F.3d 551, 556 (10th Cir. 2000) ("[P]reparing a summary judgment motion in reliance upon an erroneous admission does not constitute prejudice." (quoting *Fed. Deposit Ins. Corp. v. Prusia*, 18 F.3d 637, 640 (8th Cir. 1994) (alteration in original)). Plaintiffs respond by noting that "Defendants failed to produce *any* discovery, participate in court-ordered pretrial disclosures, or produce any statements under oath to contradict the plaintiffs' declarations, or for that matter, *do anything*." Dkt. 15 at 17 (Pls.' Opp. to Rule 36 Mot.). Those failures may warrant some form of relief to Plaintiffs, potentially including proportionate discovery sanctions. But the question for present purposes is whether Plaintiffs would suffer any cognizable prejudice in proving the merits of their claims if the Court were to allow Defendants to withdraw their admissions. The answer to that question is no. The Court will, accordingly, grant Defendants' motion to amend or withdraw their (non)responses to Plaintiffs' request for admissions.

The Court, of course, is cognizant of the fact that Defendants' conduct so far has shown a disregard for their discovery obligations. Indeed, the only justification that Defendants have mustered for their failure to respond to Plaintiffs' RFAs is that "counsel mistook the document as interrogatories and request[s] for production" and did not realize that, by failing to respond, Defendants were admitting each of the essential allegations of Plaintiffs' case. Dkt. 14 at 3. In other words, Defendants merely thought that they were ignoring their obligations to respond to the interrogatories and document requests. That is far from a noble excuse. At this relatively early stage in the proceedings, however, and applying the test set forth in Rule 36(b), Defendants' failure to respond to the RFAs "does not warrant the harsh result of having to admit the entire matter in dispute." *Rabil*, 128 F.R.D. at 2.

The Court will, however, order that Defendants respond to all outstanding discovery requests—in full and in the manner prescribed by the rules—within 21 days of this order. The

Court will also award Plaintiffs reasonable attorneys' fees incurred in preparing their motion for summary judgment in reliance on Defendants' failure timely to respond to Plaintiffs RFAs, interrogatories, and requests for production.

## B. Plaintiffs' Motion for Summary Judgment

Given the Court's decision to permit Defendants to withdraw their admissions, the Court must also deny Plaintiffs' pending motion for summary judgment. As explained above, that motion is premised in large part on Defendants' now-defunct admissions. To be sure, Plaintiffs might have been able to premise their motion on other evidence alone—most notably, Plaintiffs' individual declarations. But that is not how they framed or briefed their motion. Once Defendants comply with the Court's order to answer all outstanding discovery requests, Plaintiffs may—if appropriate—renew their motion for summary judgment. As things now stand, however, that motion is premature. *See Haynes v. Navy Fed. Credit Union*, 296 F.R.D. 9, 15 (D.D.C. 2013) (denying a motion for summary judgment as premature where it relied on Rule 36 admissions the Court permitted the non-moving party to amend); *see also Perez*, 297 F.3d at 1269 (vacating summary judgment where the moving party's motion relied on Rule 36 admissions that the district court should have permitted the non-moving party to withdraw); *Raiser v. Utah Cnty.*, 409 F.3d 1243, 1247 (10th Cir. 2005) (same).

The Court will, accordingly, deny Plaintiffs' motion for summary judgment without prejudice.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' motion to withdraw or amend its responses to Plaintiffs' request for admissions, Dkt. 14, and **DENIES** Plaintiffs' motion for summary judgment, Dkt. 12, without prejudice.

                                                      <u>/s/ Randolph D. Moss</u>
                                                      RANDOLPH D. MOSS
                                                      United States District Judge

Date: September 26, 2019