UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KANG KYU SEO, *et al.*,

    *Plaintiffs*,

v.

CHARLES MOON SUK OH, *et al.*,

    *Defendants.*

Civil Action No. 18-785 (RDM)

## MEMORANDUM OPINION

On October 6, 2022, a jury returned a verdict in favor of all four Plaintiffs in this case, finding that Charles Moon Suk Oh and Wade Road, Inc. failed to pay Plaintiffs overtime as required by both the Fair Labor Standards Act ("FLSA") and D.C. law. Plaintiffs filed a proposed final order with the Court, in which they sought compensatory damages, liquidated damages, and interest. Dkt. 61. In a prior opinion, the Court concluded that Plaintiffs were entitled to compensatory and liquidated damages in amounts set forth in the opinion. *See* Dkt. 70 at 17.

The Court deferred ruling, however, on the availability of pre-judgment interest pending further briefing. As explained in the last opinion,

> According to Plaintiffs, they are each entitled to an additional award of interest "at the rate of 5%" starting on October 6, 2022. Dkt. 61-1 at 1–2. Plaintiffs fail to explain why they are entitled to the payment of interest running from the date of the jury's verdict but, rather, merely cite to D.C. Code § 28–3302(c). That provision, however, sets the prevailing interest rate "on judgments and decrees," *id.*, and is thus seemingly inapposite, since the Court has yet to enter judgment, *see Zuniga v. Whiting-Turner Contracting Co.*, 270 A.3d 897, 902 (D.C. 2022) (holding that "judgment" under that statute is a final, appealable order). But because neither party has briefed this issue, and because Plaintiffs have requested the opportunity to [be] heard on the question, Dkt. 61 at 2, the Court will defer ruling on the question of interest at this time.

*Id.* at 16.

Plaintiffs have since come back with two new theories of pre-judgment interest under D.C. law.[1]  First, they assert that the amount owed in this case constitutes a "liquidated debt," and, therefore, the Court is *required* to award pre-judgment interest under D.C. Code § 15–108. *See* Dkt. 71 at 3.  Alternatively, if the Court concludes that this is an unliquidated debt, Plaintiffs argue that the Court *should*, in its discretion, award pre-judgment interest under D.C. Code § 15–109. *Id.* at 3–6.  Plaintiffs have also altered their ask; while they previously sought pre-judgment interest running from the date the jury returned its verdict, Dkt. 61-1 at 1–2, they now request pre-judgment interest going back to 2017, Dkt. 71 at 6.  Defendants' response—which spans less than two pages and contains almost no analysis—merely asserts that the award is already punitive, since it includes quadruple damages and attorneys' fees, and that pre-judgment interest is therefore inappropriate.  *See* Dkt. 72.  Finally, Plaintiffs also request post-judgment interest, Dkt. 71 at 1, which Defendants do not oppose, Dkt. 72 at 2.

**I.**

D.C. Code § 15–108 provides that,

> In an action in the United States District Court for the District of Columbia or the Superior Court of the District of Columbia to recover a liquidated debt on which interest is payable by contract or by law or usage the judgment for the plaintiff shall include interest on the principal debt from the time when it was due and payable, at the rate fixed by the contract, if any, until paid.

There are therefore two distinct requirements under § 15–108: (1) the debt must be liquidated; and (2) interest must be payable by contract or by law or usage.  *See Klayman v. Jud. Watch,*

---

[1] As Plaintiffs acknowledge, Dkt. 71 at 2, pre-judgment interest is unavailable under the FLSA. *See Serrano v. Chicken-Out Inc.*, 209 F. Supp. 3d 179, 199 (D.D.C. 2016); *Ventura v. L.A. Howard Constr. Co.*, 134 F. Supp. 3d 99, 102 n.2 (D.D.C. 2015); *Ventura v. Bebo Foods, Inc.*, 738 F. Supp. 2d 8, 22–23 (D.D.C. 2010).

*Inc.*, No. 06-cv-670, 2019 WL 1244079, at *27 (D.D.C. Mar. 18, 2019).  Plaintiffs have failed to satisfy either requirement.

First, this case does not involve a "liquidated debt" under § 15–108.  "For the purposes of this provision, '[a] liquidated debt is one which[,] at the time it arose[,] . . . was an easily ascertainable sum certain.'"  *Irazabal v. 201 Kennedy St. Holdings, LLC*, No. 21-cv-1378, 2022 WL 4365736, at *4 (D.D.C. Sept. 21, 2022) (alterations and omissions in original) (quoting *Steuart Inv. Co. v. The Meyer Group, Ltd.*, 61 A.3d 1227, 1240 (D.C. 2013)).  "Notably, to trigger D.C.'s mandatory prejudgment interest statute, the debt must have been for a 'sum certain' at the time that it arose, which for purposes of the statute happens only if its size was known to *both* parties at the time."  *CapitalKeys, LLC v. Dem. Rep. Congo*, 278 F. Supp. 3d 265, 275 (D.D.C. 2017) (emphasis in original) (quoting *Wash. Inv. Partners of Del., LLC v. Secs. House, K.S.C.C.*, 28 A.3d 566, 582 (D.C. 2011)).  "Moreover, for a damages award to trigger D.C. Code § 15–108, the plaintiff must have 'had an immediate right, judicially enforceable[,]' to recover that sum certain at the time that the debt arose."  *Id.* (alteration in original) (quoting *Riggs Nat'l Bank of Wash., D.C. v. District of Columbia*, 581 A.2d 1229, 1254 (D.C. 1990)).

The Court concludes that the debt owed here was not a "sum certain" because, at the time Defendants violated the wage statutes at issue, the quantum of damages was unknown.  To calculate the damages owed in this case, the jury had to find the weeks and hours worked for each of the Plaintiffs.  *See* Dkt. 59.  That was no simple task.  To be sure, because Defendants admitted certain allegations in their answer, the jury was told the dates Mr. Seo, Ms. Chase, and Ms. Johnson worked.  Dkt. 33 at 10.  But an admission does not render a debt "liquidated" within the meaning of the statute.  As for Ms. Agnew, moreover, the jury was still required to make findings regarding the weeks she worked.  Dkt. 59 at 6.  Even more to the point, for each of the

3

four Plaintiffs, the jury had to find the average number of hours over forty hours each worked per week during that period.

Even after the jury returned its verdict, moreover, the quantum of damages owed remained unsettled.  For each Plaintiff, the Court had to walk through a complicated analysis in an eighteen-page opinion to ascertain the damages owed.  *See* Dkt. 70.  For example, the Court had to determine (1) whether Ms. Chase started work in the beginning or the middle of May 2016; (2) when Ms. Johnson started work; and (3) whether Plaintiffs were entitled to liquidated damages, and if so, the amount of those liquidated damages.  *See id.* at 6.  In addition, for three of the four Plaintiffs, the Court had to ascertain the appropriate minimum wage, which changed for those three Plaintiffs over the period of their employment.

Accordingly, the Court cannot conclude that, at the time the statutes were violated, any of the parties knew (or could readily have determined) how much Defendants owed each Plaintiff, much less that there was a "sum certain."  Indeed, that sum was not fixed until the Court issued its opinion in January 2023.  This case therefore lays in stark contrast to the typical § 15–108 case in which the sum certain is clear from the face of a written agreement.  *See, e.g.*, *Irazabal*, 2022 WL 4365736, at *4 (breached promissory note provided for principal sum and interest); *Johnson-Lancaster & Assocs., Inc. v. TB Ballston, LLC*, No. 20-cv-1565, 2020 WL 7481040, at *3 (D.D.C. Dec. 18, 2020) ("Here, TB Ballston failed to pay the fixed, ascertainable sums recorded in Johnson-Lancaster's invoices.").

The cases on which Plaintiffs rely are inapposite.  In *Bragdon v. Twenty-Five Twelve Assocs. Ltd. Partnership*, 856 A.2d 1165 (D.C. 2004), the parties did not dispute that the overcharges at issue were a liquidated debt.  *Id.* at 1169.  *Giant Food, Inc. v. Jack I. Bender & Sons*, 399 A.2d 1293 (D.C. 1979), addressed, in a breach of contract case, whether pre-judgment

interest was available where an unliquidated counterclaim was asserted against a liquidated claim. *Id.* at 1299. And *District Cablevision Ltd. Partnership v. Bassin*, 828 A.2d 714 (D.C. 2003), addressed the availability of pre-judgment interest where the liquidated damages were reduced by an unliquidated amount. *Id.* at 731. None support Plaintiffs' contention that "[w]ages are, by nature, a 'liquidated debt.'" Dkt. 71 at 3 (quoting *Bragdon*, 856 A.2d at 1169 n.6).[2]

Second, even if the principal amount at issue here was due on a liquidated debt, Plaintiffs have failed to demonstrate that "interest is payable by contract or by law or usage." D.C. Code § 15–108; *see also Klayman*, 2019 WL 1244079, at *27; *Bazarian Int'l Fin. Assocs., LLC v. Desarrollos Hotelco, C.A.*, 342 F. Supp. 3d 1, 23–24 (D.D.C. 2018). Strikingly, Plaintiffs make no argument with respect to this requirement; indeed, when quoting the statute, they inexplicably omit this dispositive language through the use of ellipses. Dkt. 71 at 3. Because Plaintiffs do not even argue that this requirement of § 15–108 is met, they have failed to carry their burden.

In any event, even without briefing, it appears that this second requirement is not satisfied. First, Plaintiffs have failed to identify any contract that entitles them to pre-judgment interest. *See, e.g.*, *Klayman*, 2019 WL 1244079, at *27 ("The parties' Confidential Severance Agreement does not provide for interest on Klayman's personal expenses . . . ."). Second, they

---

[2] Plaintiffs will be awarded additional damages under D.C. Code § 32–1012(b)(1), which provides that "any employer who pays any employee less than the wage to which that employee is entitled under this subchapter shall be liable to that employee in the amount of the unpaid wages, statutory penalties, and *an additional amount as liquidated damages* equal to treble the amount of unpaid wages." *Id.* (emphasis added). The Court is not convinced—and the Plaintiffs did not argue—that the phrase "liquidated damages" in § 32–1012(b)(1) is equivalent to "liquidated debt" in § 15–108. "Liquidated damages" refer to the extra damages a court awards under D.C. law; as explained, by contrast, "liquidated debt" refers to a debt that was an easily ascertainable sum certain at the time it arose. *Irazbal*, 2022 WL 4365736, at *4. Indeed, the Court was unable to find any case citing § 32–1012 and awarding pre-judgment interest.

concede that the statutes at issue do not themselves provide for pre-judgement interest. *See* Dkt. 71 at 2 ("There does not appear to be any binding precedent on the availability or unavailability of pre-judgment interest under D.C. wage laws specifically."); *see also Klayman*, 2019 WL 1244079, at *28 ("[O]n the basis of its independent research, the Court shall assume, *arguendo*, that 'law' does not expressly require an award of interest under these circumstances."). That leaves "usage," which "refers to what is customary or usual under similar of comparable circumstances." *Bazarian*, 342 F. Supp. 3d at 23 (quoting *Aspire Channel, LLC v. Penngood, LLC*, 139 F. Supp. 3d 382, 389 (D.D.C. 2015)). Plaintiffs offer no basis for this Court to conclude that awarding pre-judgment interest in wage and hour cases is customary or usual; to the contrary, Plaintiffs fail to identify a single wage and hour case applying § 15–108.

Accordingly, Plaintiffs have failed to establish that § 15–108 requires an entry of pre-judgment interest in this case.

**II.**

Alternatively, Plaintiffs request pre-judgment interest under D.C. Code § 15–109. Section 15–109 provides:

> In an action to recover damages for breach of contract the judgment shall allow interest on the amount for which it is rendered from the date of the judgment only. This section does not preclude the jury, or the court, if the trial be by the court, from including interest as an element in the damages awarded, if necessary to fully compensate the plaintiff. In an action to recover damages for a wrong the judgment for the plaintiff shall bear interest.

Once again, Plaintiffs' brief omits from its quotation of the statute the most relevant language, asserting only that: "Plaintiffs are entitled to prejudgment interest under D.C. Code § 15–109, 'as an element in the damages awarded, if necessary to fully compensate the plaintiff.'" Dkt. 71 at 3 (quoting D.C. Code § 15–109).

When one reads the entire statute, it is clear that it does not apply here.  First, the statute applies only to claims of breach of contract; this case, in contrast, is for violations of various wage and hour laws.  *See, e.g.*, *Cobell v. Zinke*, 741 F. App'x 811, 813 (D.C. Cir. 2018) ("It also was not an abuse of discretion for the district court to award prejudgment interest [under § 15-109] because the award originated from a claim based on contract, that is, his engagement letter."); *Romero v. ITW Food Equip. Grp. LLC*, 118 F. Supp. 3d 349, 352 (D.D.C. 2015) ("The District of Col[u]mbia Court of Appeals has interpreted this statute as 'authorizing post-judgment interest in both tort and contract cases, but pre-judgment interest only in contract cases . . . .'") (quoting *Duggan v. Keto*, 554 A.2d 1126, 1140 (D.C. 1989)).

Second, the statute allows the court (as opposed to the jury) to "includ[e] interest as an element in the damages awarded" only when "the trial [was] by the court."  D.C. Code § 15–109; *see, e.g.*, *Paige Int'l, Inc. v. XL Specialty Ins. Co.*, 267 F. Supp. 3d 205, 210–11 (D.D.C. 2017) (awarding pre-judgment interest under § 15–109 after bench trial); *see also Klayman*, 2019 WL 1244079, at *26 (inquiring whether the counts "concerned unliquidated damages, such that *the jury* would be required under D.C. Code § 15–109 to decide any entitlement to prejudgment interest" (emphasis added)).  Because this is not a case in which "the trial [was] by the court," even if § 15-109 otherwise applied, Plaintiffs' recourse was to ask the jury to return an answer of pre-judgment interest, which they failed to do.

In any event, Plaintiffs have failed to address at least two of the essential requirements under § 15-109 and have thus forfeited any contention that they are entitled to pre-judgment interest under that provision.

7

### III.

It is possible that, aside from these two statutes, the Court might in its discretion order the award of pre-judgment interest. *See, e.g.*, *Dist. Title v. Warren*, No. 14-cv-1808, 2015 WL 7180200, at *8 (D.D.C. Nov. 13, 2015) ("Though D.C. law explicitly authorizes prejudgment interest in contract actions under D.C. Code § 15–108 and § 15–109, D.C. law neither authorizes nor forbids the award of prejudgment interest for claims of unjust enrichment."); *Romero*, 118 F. Supp. 3d at 352; *Lanny J. Davis & Assocs. LLC v. Republic of Equatorial Guinea*, 962 F. Supp. 2d 152, 164 (D.D.C. 2013) (Section 15–109 "does not preclude the court from including interest as an element of the damages awarded [i.e. pre-judgment interest], if necessary to compensate the plaintiff." (cleaned up) (internal quotation marks omitted)). To the extent the Court has the authority to do so, it declines to exercise that authority.[3]

"A trial court has wide discretion in awarding prejudgment interest." *Lanny J. Davis & Assocs. LLC*, 962 F. Supp. 2d at 164. Pre-judgment interest may be awarded "if necessary to fully compensate the plaintiff." *Id.* (quoting D.C. Code § 15–109); *see also L. Off. G.A. Lambert & Assocs. v. Davidoff*, 72 F. Supp. 3d 110, 118–19 (D.D.C. 2014). "Courts . . . balance the 'equities in [each] case' to determine whether pre-judgment interest is appropriate." *Paige Int'l, Inc.*, 267 F. Supp. 3d at 211 (alteration in original) (quoting *Davidoff*, 72 F. Supp. 3d at 119). "Relevant considerations include whether the plaintiff has been deprived of the use of the money withheld, whether he timely commenced suit, and the certainty of the amount due." *Lanny J.*

---

[3] It may be that pre-judgment interest it not available at all. In *Ventura v. Bebo Foods, Inc.*, 738 F. Supp. 2d 8 (D.D.C. 2010), Judge Lamberth concluded that, as under the FLSA, pre-judgment interest is not available under the D.C. Wage Payment and Collection Law because, like the FLSA, that statute uses "restrictive language when disclosing its remedies" such that "the remedies provided [within the DCWPCL] are exclusive." *Id.* at 23. Because Defendants do not make this argument—and because the Court would not award pre-judgment interest in any event—the Court need not resolve that question.

*Davis & Assocs. LLC*, 962 F. Supp. 2d at 164 (quoting *Winder v. District of Columbia*, 555 F. Supp. 2d 103, 111 (D.D.C. 2008)); *see also Paige Int'l, Inc.*, 267 F. Supp. 3d at 211).

Plaintiffs argue that pre-judgment interest is appropriate in this case because the D.C. wage and hour statutes at issue are punitive in nature. *See* Dkt. 71 at 2. That argument misses the mark. The purpose of pre-judgment interest is to ensure "that the wronged party can be made whole." *Bassin*, 828 A.2d at 732 (quoting *Riggs Nat'l Bank*, 581 A.2d at 1255). Here, Plaintiffs have been made whole four times over. As explained in the Court's prior opinion, D.C. Code § 32–1012(b) provides the "severe remedy" of "what amounts to quadruple damages: compensatory damages equal to the unpaid overtime wages *plus* liquidated damages equal to three times that amount." Dkt. 70 at 5–6 (emphasis in original). In this case, Defendants owe a total of $89,800.17 in compensatory damages. *See id.* at 17. When accounting for the liquidated damages, however, that number skyrockets to $359,200.67. *See id.* There is simply no argument that Plaintiffs need pre-judgment interest to be made whole.[4]

### IV.

Finally, Plaintiffs also request post-judgment interest under 28 U.S.C. § 1961, Dkt. 71 at 1, and Defendants do not disagree, *see* Dkt. 72 at 2; *see also Serrano v. Chicken-Out Inc.*, 209 F. Supp. 3d 179, 199 (D.D.C. 2016). The Court will accordingly award post-judgment interest as

---

[4] The two cases on which Plaintiffs most heavily rely—*Galeana v. Lemongrass on Broadway Corp.*, 120 F. Supp. 3d 306, 321 (S.D.N.Y. 2014), and *Gonzalez v. Bustleton Services, Inc.*, No. 08-cv-4703, 2010 WL 1813481, at *4 (E.D. Pa. May 5, 2010)—interpret state laws from New York and Pennsylvania, respectively, and therefore shed no light on D.C. law.

9

provided in 28 U.S.C. § 1961(a) ("Interest shall be allowed on any money judgment in a civil case recovered in a district court.").

## CONCLUSION

For the foregoing reasons, the Court will **DENY** Plaintiffs' request for pre-judgment interest and will **GRANT** their request for post-judgment interest.

A separate order will issue.

           /s/ Randolph D. Moss
           RANDOLPH D. MOSS
           United States District Judge

Date:  April 27, 2023