UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KANG KYU SEO, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> CHARLES MOON SUK OH, *et al.*, <br><br> *Defendants*. | Civil Action No. 18-785 (RDM) |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Plaintiffs' Motion for Attorneys' Fees and Costs. *See* Dkt. 64. Plaintiffs seek $314,662.40 in attorneys' fees and $7,862.08 for costs. *See* Dkt. 69 at 4. For the reasons below, the Court will grant the motion. Moreover, because the governing D.C. law requires the Court to "use the rates in effect at the time the determination [of the fee award] is made," D.C. Code § 32-1308(b)(1), and because the relevant rates were recently increased, the Court will award Plaintiffs $365,548.80 in attorneys' fees and $7,862.08 for costs.

**I.  BACKGROUND**

Plaintiffs retained Matthew T. Sutter and Yeoup Ryu as counsel in 2017 to pursue payment for overtime worked as required by the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), and the D.C. Minimum Wage Act Revision Act, D.C. Code §§ 32-1001, *et seq.* ("DCMWA"), from their employer Charles Moon Suk Oh and his corporation Wade Road Inc. ("Defendants"). *See* Dkt. 64 at 1. Plaintiffs filed suit in April 2018. *See* Dkt. 1. Discovery proceeded slowly due to Defendants' failure to respond to Plaintiffs' requests. *See* Dkt. 17.

In October 2022, this Court held a four-day jury trial in which the jury returned a verdict for Plaintiffs. *See* Dkt. 59. Plaintiffs filed the pending Motion for Attorneys' Fees one month

1

later. Dkt. 64. The parties spent the following three months briefing issues necessary to convert the jury verdict into a final judgment and to address Defendants' motion for a new trial. *See* Min. Order (Nov. 2, 2022) (ordering briefing on calculation of damages); Min. Order (Nov. 10, 2022) (ordering briefing on Defendants' demand for new trial); Dkt. 70 at 18 (ordering briefing on pre- and post-judgment interest). Plaintiffs added the attorneys' fees accrued during that post-trial briefing to their demand in their reply in support of their motion. *See* Dkt. 69.

After resolving several other post-trial motions, the Court subsequently referred Plaintiffs' Motion for Attorneys' Fees and Costs to Magistrate Judge Merriweather for a Report and Recommendation. Min. Order (Dec. 8, 2023). Upon Magistrate Judge Merriweather's appointment to the Court of Federal Claims and resignation from her position on this Court, the referral of the pending motion to a magistrate judge was withdrawn. Min. Order (Aug. 8, 2024). The matter is now back before the undersigned and ripe for resolution.

## II. LEGAL STANDARD

The FLSA and DCMWA both mandate an award of reasonable attorney's fees and costs to a prevailing plaintiff. *See* 29 U.S.C. § 216(b); D.C. Code §§ 32–1012(c), 32–1308(b)(1) (1993). "[P]laintiffs may be considered 'prevailing parties' for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (citation omitted); *see also Falica v. Advance Tenant Servs., Inc.*, 384 F. Supp. 2d 75, 78 (D.D.C. 2005) (noting that *Hensley* analysis applies in FLSA cases).

"The initial estimate of a reasonable attorney's fee is properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate," known as the lodestar method. *Blum v. Stenson*, 465 U.S. 886, 888 (1984). For purposes of the

loadstar method calculation, the party seeking reimbursement bears the burden of showing that both the hours expended and the rate requested are reasonable. *In re North (Bush Fee Application)*, 59 F.3d 184, 189 (D.C. Cir. 1995). The lodestar figure can be adjusted up or down where a party demonstrates that adjustment is warranted. *See Jones v. Loc. 4B, Graphic Arts Int'l Union, AFL-CIO*, 595 F. Supp. 792, 793–94 (D.D.C. 1984). However, the Supreme Court has emphasized that "the determination of fees 'should not result in a second major litigation.'" *Fox v. Vice*, 563 U.S. 826, 838 (2011) (quoting *Hensley*, 461 U.S. at 437). "A district court is expressly empowered to exercise discretion in determining whether an award is to be made and if so its reasonableness." *Blum*, 465 U.S. 902 n.19.

### III. DISCUSSION

Plaintiffs seek $314,662.40 in attorneys' fees and $7,862.08 for costs. *See* Pls. Mot. at 2 (seeking $294,517.70 in fees); Pls. Reply at 4 (adding $20,144.70 in fees incurred since filing of fee motion). In response, Defendants merely argue that the size of the fee request is disproportionate to the compensatory damages that the jury awarded and that the proposed rate is excessive in light of counsels' regular hourly rate and the simplicity of the case. Dkt. 68 at 1. For the reasons explained below, the Court finds that Plaintiffs are entitled to an award of attorneys' fees and costs; that the number of hours expended was reasonable; and that, under D.C. law, the relevant rate is determined as a matter of law. Moreover, even though the Court has discretion to alter the lodestar to ensure that the award of attorneys' fees is reasonable, Defendants—who bear the burden of justifying such a reduction—have failed to offer any persuasive basis to do so here.

Because Defendants do not dispute that Plaintiffs are entitled to attorneys' fees and costs, and do not challenge the reasonableness of any specific time entries, the Court will assess only whether the attorneys' fees and costs requested are reasonable.

A.    **Attorneys' Fees Award**

    1.    *The Proposed Hourly Rate is Reasonable*

"Determining the prevailing market rate is 'inherently difficult.'" *Eley v. District of Columbia*, 793 F.3d 97, 100 (D.C. Cir. 2015) (quoting *Blum*, 465 U.S. 895 n.11). The "fee applicant must 'produce satisfactory evidence—*in addition to* the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation.'" *Id.* (quoting *Blum*, 465 U.S. at 895 n.11) (emphasis in original). Applicants may submit fee matrices as one type of evidence of the prevailing market rates, the most common of which is the *Laffey* Matrix. *Salazar ex rel. Salazar v. District of Columbia*, 809 F.3d 58, 62 (D.C. Cir. 2015). The *Laffey* Matrix comes in two variants. The first is referred to as the "USAO *Laffey* Matrix" and is based on the Consumer Price Index for All Urban Consumers of the United States Bureau of Labor Statistics, prepared by the Civil Division of the United States Attorney's Office for the District of Columbia. The second variant is referred to as the "LSI *Laffey* Matrix" and is based on the Legal Services Index of the Nationwide Consumer Price Index of the Bureau of Labor Statistics. Here, Plaintiffs' motion, which was filed in 2022, requested $829.00 per hour for Mr. Sutter and Mr. Ryu's work on this matter pursuant to the LSI *Laffey* Matrix. *See* Pls. Mot. at 6.

For fee awards under the DCMWA, D.C. law requires the Court to award "attorney's fees computed pursuant to the matrix approved in *Salazar v. District of Columbia*, 123 F. Supp. 2d 8, 15 (D.D.C. 2000), and updated to account for the current market hourly rates for attorney's

services." D.C. Code § 32–1308(b)(1).  Consistent with this direction, this Court applies the LSI *Laffey* Matrix rates to cases brought under the DCMWA.  *See*, *e.g.*, *Serrano v. Chicken-Out Inc.*, 209 F. Supp. 3d 179, 195 (D.D.C. 2016); *Herrera v. Mitch O'Hara LLC*, 257 F. Supp. 3d 37, 46 (D.D.C. 2017); *Munoz v. Telligent Masonry LLC*, 2023 WL 6389129, at *5 (D.D.C. Oct. 2, 2023).

Plaintiffs submit that the LSI *Laffey* Matrix is proper here, and although not necessary given the statutory mandate, they support their proposition with "evidence of recent fees awarded by the courts or through settlement to attorneys with comparable qualifications handling similar cases."  *Eley*, 793 F.3d at 101 (citation omitted); *see* Pls. Mot. at 6 (citing fee awards to Mr. Sutter using LSI *Laffey* Matrix in *Martinez-Cerna et al v. Nguyen et al*, 1:18-cv-02149-TNM (D.D.C. Dec. 20, 2018), and *Orellana et al v. Freeman et al*, 1:18-cv-01186-CMH-JFA (E.D. Va. Aug. 22, 2019)).  Defendants do not challenge use of the LSI *Laffey* Matrix.[1]  Moreover, because the jury returned a verdict pursuant to both the DCMWA and the FLSA, the Court need not separately address the appropriate rate in FLSA cases.  Finally, the Court notes that D.C. law requires application of "the rates in effect at the time the determination is made," D.C. Code § 32–1308(b)(1), and that LSI *Laffey* Matrix rates increased after Plaintiffs filed the pending motion but before the Court made its "determination."

Plaintiffs' attorneys, Mr. Sutter and Mr. Ryu, were, at the time of filing the motion in 2022, 19 and 17 years out of law school, respectively.  *See* Dkt. 64-4 at 2, 3 (affidavits of Mr. Sutter and Mr. Ryu).  Plaintiffs' motion, therefore, requests $829 per hour consistent with the

---

[1] Defendants do suggest that it is inappropriate for "Attorney Sutter and Ryu [to charge] $829.00 per hour if their regular hourly rate on other cases is significantly less."  Dkt. 68 at 3.  Given the statutory mandate to follow the LSI *Laffey* Matrix, however, the Court will construe that argument as a request for an adjustment to the lodestar figure.  *See infra* Section III.A.3.

2022 LSI *Laffey* Matrix rate for attorneys with 11–19 years' experience at the time of filing. *See* Dkt. 64 at 6; Dkt. 64-1 (showing rates for 6/01/22 – 5/31/23 on www.laffeymatrix.com accessed on October 18, 2022). That rate, however, has now increased to $948 per hour. *See* Laffey Matrix, http://www.laffeymatrix.com/see.html (last visited Sept. 24, 2024). Because the Court is required to apply the rate in place at the time the Court renders its fees "determination," the Court will apply the $948 rate for purposes of the lodestar calculation.

    2. *The Number of Hours Billed is Reasonable*

Plaintiffs seek attorneys' fees for 385.6 hours expended by Mr. Sutter and Mr. Ryu on this matter. Their initial motion requested attorneys' fees for 361.3 hours, covering hours starting with client intake through the filing of the fee motion. *See* Dkt. 64-4 at 4–12. In their reply brief, Plaintiffs request attorneys' fees for an additional 24.3 hours, reflecting their work after that filing. *See* Dkt. 69 at 3–4. Those further hours were spent preparing post-trial briefing on damages and reviewing and responding to Defendants' opposition to their fee motion and Defendants' request for a new trial. *See* Dkt. 69-1 at 3, 5. Taken together, Plaintiffs seek attorneys' fees based on a total of 385.6 hours of labor. *See, e.g.*, *Campbell v. District of Columbia*, 202 F. Supp. 3d 121, 126 n.2 (D.D.C. 2016) (awarding fees for hours first documented in applicant's reply spent on fee motion and opposing post-trial motion); *Conservation Force v. Salazar*, 916 F. Supp. 2d 15, 30–32 (D.D.C. 2013) (awarding fees for hours first documented in applicant's reply spent on preparing fee reply brief and appeal).

According to Plaintiffs' counsel, they "litigated the case as efficiently as possible and made appropriate voluntary reductions in the hours spent," by cutting any "excessive or

unnecessary work performed."[2]  Dkt. 64 at 7–8.  They further state that the submitted billing entries "were recorded contemporaneously with the work performed and . . . identif[y] the amount of time expended, the amount of work being sought, the tasks performed, and the rate of the particular timekeeper."  *Id.* at 7.

Defendants do not argue that any specific hours claimed were excessive, unnecessary, or unreasonable.  Rather, they "summarily conclude that the time spent 'was excessive and unreasonable' without offering any basis, such as the length or scope of the filings or the issues presented therein, from which the court could conclude that the hours billed are unreasonable."  *Bode & Grenier, L.L.P. v. Knight*, 31 F. Supp. 3d 111, 122 (D.D.C. 2014) (awarding fees over conclusory objection); *see* Dkt. 68 at 3.  The Court is unpersuaded.

Plaintiffs have submitted billing records "sufficiently detailed to permit the . . . Court to make an independent determination whether or not the hours claimed are justified."  *Herrera*, 257 F. Supp. 3d at 47 (quoting *Nat'l Ass'n of Concerned Veterans v. Sec'y of Def.*, 675 F.2d 1319, 1327 (D.C. Cir. 1982)).  In reviewing time entries, courts typically look at the total hours to determine whether they are excessive, and at individual entries to determine whether there are duplicate or unreasonable entries.  *See, e.g.*, *id.*  After conducting a detailed review, the Court finds that the total number of hours expended were not excessive for a case that proceeded through summary judgment, mediation, trial, and post-trial briefing.  The only hours that are duplicative are for meetings, depositions, and the trial attended by both Mr. Sutter and Mr. Ryu,

---

[2] Plaintiffs argue that the DCMWA prohibits reduction "from the hours actually expended, except upon clear and convincing evidence that the reduction will serve [its] remedial purposes." Dkt. 64 at 6 (quoting D.C. Code § 32-1308(b)(2)).  However, that provision applies only when "the fees remain unpaid to the attorney at the time of any subsequent review, supplementation, or reconsideration of the fee award," not upon consideration of the initial fee motion.  D.C. Code § 32-1308(b)(2).

7

but those are permissible "on the theory that attorneys must spend at least some of their time conferring with colleagues" and because Mr. Sutter and Mr. Ryu acted as co-counsel. *Nat'l Ass'n of Concerned Veterans*, 675 F.2d at 1337. Although the attendance of multiple lawyers at meetings, depositions, or trial is at times unnecessary, this is not such a case.

The Court, accordingly, finds that the total number of hours claimed is both supported and reasonable.

3. *An Adjustment to the Lodestar Figure is Not Warranted*

For the reasons explained above, the Court finds that the appropriate lodestar calculation results in a fee estimate of $365,548.80 for 385.6 hours of work at a rate of $948.00. There is a strong presumption that this "lodestar figure includes most, if not all, of the relevant factors constituting a 'reasonable' attorney's fee." *Keepseagle v. Perdue*, 334 F. Supp. 3d 58, 64 (D.D.C. 2018) (quoting *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 553 (2010)). Thus, any party requesting an adjustment to the lodestar figure bears the burden of justifying such an adjustment. *See Copeland v. Marshall*, 641 F.2d 880, 892 (D.C. Cir. 1980).

Defendants assert that a reduction is justified here because (1) the hourly rate paid to Plaintiffs' attorneys should "reflect the nature of the wage cases;" (2) "their [] hourly rate on other cases is significantly less;" and (3) the requested fees are "grossly excessive" relative to the compensatory damages. Dkt. 68 at 3. Defendants cite no authority applying the DCMWA that would support a reduction based on these factors. Nor do they offer any evidence indicating Mr. Ryu's or Mr. Sutter's hourly rate charged in other cases is any lower than the LSI *Laffey* Matrix rate, and Mr. Ryu and Mr. Sutter have provided the Court with examples of cases in which they were awarded attorneys' fees at the LSI *Laffey* Matrix rate.

Defendants imply that the factors that they invoke find support in the twelve-factor reasonableness test endorsed by the Supreme Court in *Johnson*, which includes factors like "the novelty and the difficulty of the questions" and the "results obtained." Dkt. 68 at 1–2 (citing *Hensley*, 461 U.S. 424; *Johnson v. Georgia Highway Express Inc.*, 488 F.2d 714 (5th Cir. 1974)).  But the Supreme Court "specifically held in *Blum* that the 'novelty [and] complexity of the issues,' . . . and the 'results obtained' from the litigation are presumably fully reflected in the lodestar amount, and thus cannot serve as independent bases for [adjusting] the basic fee award." *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986), *supplemented*, 483 U.S. 711 (1987) (citing *Blum v. Stenson*, 465 U.S. 886, 898–900 (1984)).

In addition, "calculating attorneys' fees as a proportion of damages runs directly contrary to the purpose of fee-shifting statutes: assuring that civil rights claims of modest cash value can attract competent counsel.  The whole purpose of fee-shifting statutes is to generate attorneys' fees that are *disproportionate* to the plaintiff's recovery." *Driscoll v. George Washington Univ.*, 55 F. Supp. 3d 106, 114 (D.D.C. 2014) (awarding $387,710.48 in fees in FLSA case) (quoting *Millea v. Metro–N. R. Co.*, 658 F.3d 154, 169 (2d Cir. 2011) (emphasis in original).  In fact, this Court frequently awards reasonable attorneys' fees in excess of the unpaid wages awarded in FLSA and DCMWA cases.  *See, e.g.*, *Zaldaña v. Morrogh*, No. 20-cv-3810, 2022 WL 203471 (D.D.C. Jan. 24, 2022) (awarding $21,140.90 in attorneys' fees and $13,096.60 in unpaid wages); *Jackson v. Contemp. Fam. Servs., Inc.*, No. 18-cv-2349, 2019 WL 5653462 (D.D.C. Oct. 31, 2019) (awarding $43,817.40 in attorney's fees and $16,006.90 in unpaid wages).

The Court thus determines that no variation from the lodestar figure is warranted.

B.     **Award of Costs**

Both the FLSA and DCMWA permit the reimbursement of litigation costs, although the DCMWA's language is broader—mandating the award of "costs or fees of *any nature*," which includes but is not limited to, "depositions fees, witness fees, juror fees, filing fees, certification fees, the costs of collecting and presenting evidence, and any other costs incurred in connection with obtaining . . . the judgment." D.C. Code § 32-1308(b)(1), (3) (emphasis added); 29 U.S.C.A. § 216(b).  Plaintiffs request reimbursement for $7,862.08 in costs for filing fees, private investigators, process servers, court reporters, parking and transportation for attorneys and plaintiffs, and meals during depositions and trial days.  *See* Dkt. 64-4 at 12–14.  Defendants do not challenge the award of these costs, and the costs requested do not strike the Court as unreasonable or outside of the scope of litigating this case.  *See Alabama Power Company v. Gorsuch*, 672 F.2d 1, 5 (D.C. Cir. 1982) (awarding costs for postage, travel, and meals); *Noble v. Herrington*, 732 F. Supp. 114, 119 (D.D.C. 1989) (awarding costs for telephone, postage, and local transportation).

Given the broad language of the DCMWA and the connection between each cost and the legal services performed, the Court will award $7,862.08 in costs, as requested.

## CONCLUSION

The Court will, accordingly, **GRANT** Plaintiffs' motion for attorneys' fees and costs in the amount of $365,548.80 in attorneys' fees and $7,862.08 in costs.

**SO ORDERED.**

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date:  October 3, 2024